UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

Antonio Vera
and other similarly situated individuals,

      Plaintiff(s),

v.

Allegro Group of SW FL, LLC,
and Hector C. Diaz JR,
individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Antonio Vera, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Allegro Group OF SW FL, LLC, and Hector C, Diaz Jr., individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiff Antonio Vera is a resident of Collier County, Florida. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant Allegro Group OF SW FL, LLC (from now on Allegro Group, or Defendant) is a Florida corporation, having a place of business in Collier County, Florida, where Plaintiff worked for Defendant.

4.  The individual Defendant Hector C, Diaz Jr., was and is now the owner/officer and Manager of Defendant Corporation Allegro Group. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5.  All the actions raised in this complaint occurred in Collier County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6.  This cause of action is brought by Plaintiff Antonio Vera as a collective action to recover from Defendant regular wages, overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or

after February 2019, (the "material time") without being adequately compensated.

7. Defendant Allegro Group is a landscaping company that provides landscape designing and irrigation systems installation services. Defendant's business is located at 15275 Collier Blvd. # 201-282, Naples, FL 34119. Defendant also has place of business located at 2030 Krape Road, Naples, FL 34120, where Plaintiff worked.

8. Defendants Allegro Group and Hector C. Diaz Jr. employed Plaintiff Antonio Vera as a non-exempted, full-time, hourly employee from approximately February 15, 2019, to March 30, 2021, or 110 weeks. Plaintiff does not know exactly his hiring date, but he will amend it later.

9. Plaintiff had duties as landscaping and irrigation systems technician for residential and commercial accounts. Plaintiff's wage rate was $18.1250 an hour. Thus, Plaintiff's overtime rate should be $27.19 an hour.

10. Plaintiff worked under the supervision of the owner of the business Hector C. Diaz Jr.

11. While employed by Defendants, Plaintiff had a regular schedule. He worked 6 days per week from Monday to Saturday, from 7:00 AM to 5:00 PM (10 hours each day). Thus, Plaintiff worked a total of 57 hours per week.

(Plaintiff has already deducted 3 hours, corresponding to 3 hours of lunchtime taken during the week).

12. Plaintiff was paid weekly $725.00 corresponding to 40 regular hours, or a total of $1,450.00 bi-weekly.  Plaintiff worked more than 40 hours, but he was not paid for overtime hours, as required by law.

13. Plaintiff was paid bi-weekly with checks.  Plaintiff was often not provided with paystubs or any other record with information about the actual number of days or hours worked, wage rate, employee taxes withheld, etc.

14. Plaintiff did not clock in and out, but he worked with the business owner, and Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

16. Plaintiff disagreed with the lack of payment for overtime hours, and on or about, and he complained verbally to the business owner, Hector C. Diaz Jr., multiple times.

17. As a result of Plaintiff's complaint, on or about March 30, 2021, Plaintiff was pretextually terminated.

18. At the time of his termination, Plaintiff was not paid for one week of work retained by Defendants as "Security Deposit."

19. Plaintiff ANTONIO VERA seeks to recover regular unpaid wages and overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

20. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

21. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

22. This action is intended to include every landscaping employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

23. Plaintiff Antonio Vera re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

24. Defendant Allegro Group was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a landscaping company and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently supplies produced out of state by using interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. The Plaintiff and those similarly situated regularly handled and worked on goods and materials produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

26. Defendants Allegro Group and Hector C. Diaz Jr. employed Plaintiff Antonio Vera as a non-exempted, full-time, hourly employee from

approximately February 15, 2019, to March 30, 2021, or 110 weeks. Plaintiff does not know exactly his hiring date, but he will amend it later.

27. Plaintiff had duties as landscaping and irrigation systems technician for residential and commercial accounts. Plaintiff's wage rate was $18.1250 an hour. Thus, Plaintiff's overtime rate should be $27.19 an hour.

28. While employed by Defendants, Plaintiff had a regular schedule. He worked 6 days per week, a total of 57 hours. Plaintiff has already deducted 3 hours of lunchtime per week.

29. Plaintiff was paid weekly $725.00 corresponding to 40 regular hours, or a total of $1,450.00 bi-weekly. Plaintiff worked more than 40 hours, but he was not paid for overtime hours, as required by law.

30. Plaintiff did not clock in and out, but he worked with the business owner and Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

31. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

32. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees

should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

33. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

35. Plaintiff is not in possession of time and payment records, but he will provide a reasonable faith estimate based on his recollections and the best of his knowledge. After discovery, Plaintiff will amend his statement of claim accordingly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Fifty Thousand Eight Hundred Forty-Five Dollars and 30/100 ($50,845.30)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 110 weeks
    Relevant weeks of employment:  110 weeks
    Total hours worked:  57 hours weekly
    Total unpaid O/T hours:  17 overtime hours weekly
    Regular rate: $18.1250 x 1.5=$27.19 O/T rate

O/T rate: $27.19

$27.19x 17.00 O/T hours=$462.23 weekly x 110 weeks=$50,845.30

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

36. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

37. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

38. At times mentioned, individual Defendant Hector C. Diaz Jr. was, and is now, the owner/officer/and manager of Allegro Group. Defendant Hector C. Diaz Jr. was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC §

203(d)]. This individual Defendant acted directly in Allegro Group's interests concerning its employees, including Plaintiff and others similarly situated.  Defendant Hector C. Diaz Jr. had financial and operational control of the business, determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

39. Defendants Allegro Group and Hector C. Diaz Jr. willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Antonio Vera and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Antonio Vera and other similarly situated individuals and against the Defendants Allegro Group and Hector C. Diaz Jr. based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Antonio Vera actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Antonio Vera demands trial by a jury of all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u>**
**<u>FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

41. Plaintiff Antonio Vera re-adopts every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

42. Plaintiff Antonio Vera brings this action and those similarly situated to recover from the Employers Allegro Group and Hector C. Diaz Jr. unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

43. Defendant, Allegro Group was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

44. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. The Plaintiff and those similarly situated regularly handled and worked on goods and materials produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

45. Defendant Allegro Group was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

46. USC §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

47. Defendants Allegro Group and Hector C. Diaz Jr. employed Plaintiff Antonio Vera as a non-exempted, full-time, hourly employee from approximately February 15, 2019, to March 30, 2021, or 110 weeks.

48. Plaintiff had duties as landscaping and irrigation systems technician for residential and commercial accounts.

49. Plaintiff worked under the supervision of the owner of the business Hector C. Diaz Jr.

50. While employed by Defendants, Plaintiff had a regular schedule. He worked 6 days per week, a total of 57 hours. Plaintiff has already deducted 3 hours of lunchtime per week.

51. Plaintiff was paid weekly $725.00 corresponding to 40 regular hours, or a total of $1,450.00 bi-weekly. Plaintiff worked more than 40 hours, but he was not paid for overtime hours, as required by law.

52. Plaintiff did not clock in and out, but he worked with the business owner, and he could track the hours worked by Plaintiff and other similarly situated individuals.

53. On or about March 30, 2021, Defendants terminated Plaintiff.  At the time of his termination, Defendants unfairly refused to pay Plaintiff his hard-earned wages, or the equivalent of $725.00.

54. Plaintiff did not clock in and out, but the Defendants could track the hours worked by Plaintiff and other similarly situated individuals, and they knew about the unpaid workweek.

55. Therefore, Defendants willfully failed to pay Plaintiff his regular wages in violation of the Fair Labor Standards Act.

56. Plaintiff was paid without any record or paystub providing necessary information such as the total number of days and hours worked, wage rate paid, employment taxes withheld, etc.

57. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

58. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

59. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform

employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

60. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages are as follows:

* Florida's minimum wage for 2021 is $8.65, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

        Three Hundred Forty-Six Dollars and 00/100 ($346.00)

    b. <u>Calculation of such wages</u>:

        Total weeks of employment: 110 weeks
        Total relevant week:  1 week
        Total hours worked:  57 hours weekly
        Total relevant hours worked: 40 hours
        Florida minimum wage 2021:  $8.65

        $8.65 x 40 hours= $346.00 weekly x 1week=$346.00

    c. <u>Nature of wages</u>:

        This amount represents unpaid min. wages at Florida minimum Wage rate.

61. Defendants Allegro Group and Antonio Vera unlawfully failed to pay Plaintiff minimum wages.

62. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair

Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

63. At times mentioned, individual Defendant Hector C. Diaz Jr. was, and is now, the owner/officer/and manager of Allegro Group. Defendant Hector C. Diaz Jr. was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Allegro Group's interests concerning its employees, including Plaintiff and others similarly situated.  Defendant Hector C. Diaz Jr. had financial and operational control of the business, determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

64. Defendants Allegro Group and Hector C. Diaz willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants.

65. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Antonio Vera and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Antonio Vera and against the Defendants Allegro Group and Hector C. Diaz Jr., on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Antonio Vera and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS

66. Plaintiff Antonio Vera re-adopts every factual allegation stated in paragraphs 1-22 of this complaint as if set out in full herein.

67. Defendant, Allegro Group was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

68. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. The Plaintiff and those similarly situated regularly handled and worked on goods and materials produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

69. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

70. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

71. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

72. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

73. Defendants Allegro Group and Hector C. Diaz Jr. employed Plaintiff Antonio Vera as a non-exempted, full-time, hourly employee from approximately February 15, 2019, to March 30, 2021, or 110 weeks.

74. Plaintiff had duties as landscaping and irrigation systems technician for residential and commercial accounts.

75. Plaintiff worked under the supervision of the owner of the business Hector C. Diaz Jr.

76. While employed by Defendants, Plaintiff had a regular schedule. He worked 6 days per week, a total of 57 hours.

77. Plaintiff was paid weekly $725.00 corresponding to 40 regular hours, or a total of $1,450.00 bi-weekly. Plaintiff worked more than 40 hours, but he was not paid for overtime hours, as required by law.

78. Plaintiff did not clock in and out, but he worked with the business owner, and he could track the hours worked by Plaintiff and other similarly situated individuals.

79. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

80. Plaintiff disagreed about the lack of payment for overtime hours, and he complained to the owner of the business about the missing payment.

81. Plaintiff complained to the owner of the business Hector C. Diaz Jr., on or about February 01, 2021, and for the second time on or about February 15, 2021. Hector C. Diaz Jr. refused to pay overtime hours.

82. These complaints constituted protected activity under the FLSA.

83. On or about March 30, Plaintiff and Defendant Hector C. Diaz Jr. had an argument about a damaged truck, and Plaintiff requested to be paid for O/T hours. As a result of Plaintiff's complaints, Defendants fired Plaintiff.

84. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

85. There is close proximity between Plaintiff's protected activity and his termination.

86. The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid overtime wages from Defendants.  In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

87. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

88. At times mentioned, individual Defendant Hector C. Diaz Jr. was, and is now, the owner/officer/and manager of Allegro Group. Defendant Hector C. Diaz Jr. was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Allegro Group's interests concerning its employees, including Plaintiff and others similarly

situated.  Defendant Hector C. Diaz Jr. had financial and operational control of the business, determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

89. Plaintiff Antonio Vera has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## Prayer For Relief

Wherefore, Plaintiff Antonio Vera respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Allegro Group and Hector C. Diaz Jr. that Plaintiff Antonio Vera recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Allegro Group and Hector C. Diaz Jr. to make whole the Plaintiff by providing appropriate back pay and other benefits

wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Antonio Vera further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Antonio Vera demands trial by a jury of all issues triable as of right by a jury.

Dated:  September 24, 2021

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**

ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:   (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*